UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-985 JGB (KKx)** | Date | July 12, 2018 |
| Title | *Barbara Jean Caudle v. Conestoga Settlement Services, LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Remand;
(2) REMANDING this matter to Riverside Superior Court;
(3) DENYING Plaintiff's Request for Sanctions; and (4) VACATING the July 16, 2018 Hearing (IN CHAMBERS)

On June 4, 2018, Plaintiff Barbara Jean Caudle ("Plaintiff") filed a Motion for Remand and Request for Sanctions. ("Motion," Dkt. No. 21.) Defendant Conestoga Settlement Services, LLC ("Defendant") filed an opposition on June 22, 2018. ("Opposition," Dkt. No. 27.) Plaintiff then filed a reply on July 2, 2018. ("Reply," Dkt. No. 29.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Upon consideration of the papers filed in support of, and in opposition to, this Motion, the Court GRANTS Plaintiff's Motion for Remand and DENIES Plaintiff's Request for Sanctions. The Court VACATES the July 16, 2018 hearing.

## I. BACKGROUND

On April 30, 2018, Plaintiff filed a complaint against Defendants Conestoga, Ralph M. Trigg, Trigg Financial Group, Strategix Solutions, LTD ("Strategix"), and Provident Trust Group, LLC ("Provident") (collectively, "Defendants") in the Superior Court of California, County of Riverside. ("Complaint," Dkt. No. 1-1.) The Complaint contains nine causes of action: (1) fraud; (2) negligent misrepresentation; (3) securities fraud; (4) breach of contract; (5) unjust enrichment; (6) violation of Bus. & Prof. Code §§ 17200, et seq.; (7) false advertising; (8) elder abuse; and (9) conspiracy. (Id. at 1.) Plaintiff alleges Defendants fraudulently sold her securities in the form of life settlement contracts. (Id. ¶¶ 1, 3.) According to an investigation by the California Department of Corporations Business, Transportation and Housing Agency,

Defendant Conestoga did not have a valid broker-dealer certificate from the Department of Corporations or the United States Securities and Exchange Commission and did not disclose this fact to investors. (Id. ¶ 28.) Plaintiff alleges Defendant Conestoga, through its agents Strategix and Provident, made misrepresentations regarding the liquidity, maturity, and actual value of the securities, and concealed the true nature of Plaintiff's investment over many years. (Id. ¶¶ 5, 20.)

On May 4, 2018, Defendant Conestoga removed the action to this Court. ("Notice of Removal," Dkt. No. 1.) In its Notice of Removal, Defendant Conestoga stated that "no other defendants [had] been served with the State Court Action," and therefore "their consent to this removal [was] not required." (Id. at 2.) Defendant Conestoga contacted the Clerk of the Riverside Superior Court and confirmed Plaintiff did not file any proofs of service with the Riverside Superior Court for any other defendants at the time of removal. (Opposition at 3.) Plaintiff proffers no evidence to the contrary but maintains that on May 1, 2018, she served Defendant Conestoga and Defendant Provident via personal service, and served Defendant Strategix via substituted service. (Motion at 1.) Plaintiff filed proofs of service with this Court for Defendant Conestoga and Defendant Provident on May 9, 2018 (Dkt. Nos. 11, 12) and Defendant Strategix on May 12, 2018 (Dkt. No. 14). To date, neither Defendant Provident nor Defendant Strategix has appeared in this case.

## II. LEGAL STANDARD

### A. Motion for Remand

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). A motion for remand effectively burdens the defendant, the party who invoked the federal court's removal jurisdiction, to prove whatever is necessary to support the petition. Toxic Injuries Corp. v. Safety-Kleen Corp., 57 F. Supp. 2d 947, 951 (C.D. Cal. 1999) (citing Gaus, 980 F.2d at 566).

### B. Request for Sanctions

Pursuant to 28 U.S.C. § 1447(c), an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Beltran v. Monterey Cty., No. C 08-05194 JW, 2009 WL 585880, at *3

(N.D. Cal. Mar. 6, 2009) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 137 (2005)); see also Cohen v. Colorado Elec. Supply Ltd., No. CV08-5404-FMC-CWx, 2008 WL 4722528, at *3 (C.D. Cal. Oct. 20, 2008). The Supreme Court has considered when attorney's fees should be awarded under § 1447(c) and held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin, 546 U.S. at 141. "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.

### III. DISCUSSION

**A. Motion for Remand**

Pursuant to 28 U.S.C. § 1446(a), "all proper defendants in an action must join or consent to a notice of removal." Blodgett v. Frederick, No. ED CV13-0153 PA (SPx), 2013 WL 12205041, at *1 (C.D. Cal. Feb. 7, 2013); see also Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute Class Action Fairness Act of 2005, Pub. B. No. 109-2, 119 Stat. 4, as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (holding § 1453 of the Class Action Fairness Act does not require each defendant in a class action to consent to removal). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Blodgett, 2013 WL 12205041 at *1 (quoting Prize Frize, 167 F.3d at 1266). Accordingly, "a removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is insufficient." Id.; see also Orozco v. EquiFirst Corp., No. CVC08-8064 PA (CWx), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) (finding a removing defendant did not exercise due diligence because it did not state "what, if any, efforts it made to ascertain whether other defendants were served."); Beltran, 2009 WL 585880 at *3 (holding calling a clerk to determine if a proof of service had been filed as to other defendants in the case insufficient to constitute due diligence); Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996) (finding a phone call to the clerk and an instruction to a docketing employee "insufficient to demonstrate diligence.").

Here, Defendant Conestoga contacted only the Clerk of the Riverside Superior Court to determine whether the other defendants had been served. (Opposition at 3.) The Clerk stated that no proofs of service were on file for any other defendant. (Id.) The facts of this case are nearly identical to those of Beltran and Pianovski, both of which held that simply contacting a clerk to determine the status of service of other defendants does not constitute due diligence. Beltran, 2009 WL 585880 at *3; Pianovski, 924 F. Supp. at 87. In Pianovski, the plaintiff filed proof of service twenty-one days after service, and thus the defendant moving for removal could not have known by merely looking at docket that other defendants had been served. Id. at 87. Had the removing defendant done its due diligence, it would have discovered the other defendants had been served. Id. Thus removal was improper. Id. Similarly, here, there was no proof of service on the docket, and Defendant Conestoga failed to contact opposing counsel and the other defendants directly. (Motion at 4.) If it had done so, it would have realized Defendant

Stategix and Defendant Provident were in fact served.  Id.  Plaintiff filed proofs of service after serving Defendant Stategix and Defendant Provident, proving those defendants were served three days before the May 4, 2018 removal on May 1, 2018.  (Dkt. Nos. 12, 14.)  Simply contacting the Riverside Superior Court Clerk is insufficient to satisfy the due diligence requirement.

Defendant Conestoga maintains its efforts were sufficient and constituted due diligence. (Opposition at 3-4.)  Defendant Conestoga relies on Milstead Supply Co. v. Cas. Ins. Co., 797 F. Supp. 569, 570 (W.D. Tex. 1992), an out-of-circuit case.  (Id. at 4.)  However, in Milstead, the defendant waited until the last day allowed under the removal statute 28 U.S.C. § 1446(b)(2)(B) to file its notice of removal, and therefore was faced with the task of "removing first and asking questions later." Milstead 797 F. Supp. at 572.  Defendant Conestoga faced no such dilemma here.  It filed its notice of removal on May 4, 2018, twenty-seven days prior to the removal deadline under § 1446(b)(2)(B).  (Motion at 6.)   Thus, Defendant Conestoga had ample time to contact Plaintiff's counsel, for example, to determine the status of service.  (Id.)  As such, Defendant Conestoga has not met its burden of establishing that its removal was proper.

**B. Request for Sanctions**

"[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Martin, 546 U.S. at 141.  Here, the Court finds Defendant Conestoga's removal was objectively reasonable.  Defendant Conestoga contacted the Riverside Superior Court Clerk, believed that no other defendant in this lawsuit was served, and timely submitted the Notice of Removal pursuant to § 1446(b)(2)(B). (Opposition at 3; Motion at 6.)  In its Notice of Removal, Defendant Conestoga argues that removal was proper based on complete diversity of citizenship.  (Notice of Removal at 1.) Defendant Conestoga states this Court would have had original jurisdiction over this action under 28 U.S.C. § 1332.  (Id.)

Accordingly, the Court therefore declines to award attorney fees and costs.

### IV.   CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion for Remand, REMANDS this matter to the Superior Court for the County of Riverside, and DENIES her Request for Sanctions.  The July 16, 2018 hearing is VACATED.

**IT IS SO ORDERED.**